UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE SOLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br><br>        Defendants. | Case No. 17-CV-00449-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 3, 8 |

Before the Court is Defendants Portfolio Servicing, Inc. ("Portfolio") and U.S. Bank National Association's ("U.S. Bank") (collectively, "Defendants") unopposed motion to dismiss. Having considered the briefing on the motion, record in the case, and the relevant law, the Court hereby GRANTS Defendants' motion to dismiss with prejudice.

## I. BACKGROUND

### A. Factual Background

The following facts are from Plaintiff's complaint and Defendants' unopposed motion to dismiss. On August 3, 2006, Plaintiff and Arturo Andrade Avalos ("Avalos") obtained a loan from Washington Mutual Bank, FA in the amount of $776,000.00. The loan was secured by a deed of trust encumbering the real property located at 37 Webb Road, Watsonville, California 95076

("Webb Road property").

On July 9, 2012, the beneficial interest under the Deed of Trust was assigned to U.S. Bank as trustee of the WaMu Mortgage Pass-Through Certificates Series 2006-AR13 Trust ("Trust"). On August 5, 2015, National Default Servicing Corporation was substituted as trustee under the Deed of Trust.

After Plaintiff defaulted on the loan, a Notice of Default and Election to Sell Under Deed of Trust ("Default Notice") was recorded against the Webb Road property. Notices of Trustee's Sale were recorded against Webb Road property on October 22, 2012, March 1, 2013, September 9, 2013, January 8, 2014, August 12, 2015, July 27, 2016. Exhibits 5–10. Plaintiff claims that Defendants' actions during the foreclosure violated various provisions of California and federal law, namely lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, and rescission. ECF No. 1-1.

### B. Procedural History

On June 25, 2014, Plaintiff filed an earlier lawsuit against Portfolio, U.S. Bank, and JP Morgan Chase Bank, N.A. in Santa Cruz County Superior Court. Exhibit 11 ("2014 Action"). The 2014 Action alleged violation of Cal. Civil Code § 2923.6(c), violation of Cal. Civil Code § 2923.7, violation of Cal. Civil Code § 2924.10, violation of Cal. Civil Code § 2924(a)(6), violation of Cal. Business & Professions Code § 17200, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and a demand for accounting. All counts stemmed from Defendants' foreclosure on the Webb Road property. The Superior Court dismissed the first lawsuit due to Plaintiff's failure to timely amend his complaint on April 2, 2015, and entered judgment in favor of Defendants on April 22, 2015. Exhibits 12–13.

On September 15, 2016, Plaintiff filed a second lawsuit against Defendants and Avalos in Santa Cruz County Superior Court. Exhibit 14 ("2016 Action"). The 2016 Action alleged that Avalos had improperly failed to participate in Plaintiff's application for a loan modification. *Id.*

2

Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Plaintiff sought to quiet title and to enjoin Defendants from foreclosing on the property until Plaintiff secured title in his name alone. *Id.* On December 12, 2016, the Superior Court granted Defendants' motion for judgment on the pleadings, dismissed the complaint, and entered judgment in favor of Defendants. Exhibit 15–16.

Approximately two weeks after the 2016 Action was dismissed, Plaintiff filed the instant action in Santa Cruz county Superior Court. ECF No. 1-1. Defendants removed the case to this Court on January 24, 2017. ECF No. 1.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir.2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.2011) (per

3

Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**C. Requests for Judicial Notice**

The Court generally may not look beyond the four corners of a complaint in ruling on a motion to dismiss, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under the doctrine of incorporation by reference, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents whose contents are alleged therein, provided the complaint "necessarily relies" on the documents or contents thereof, and the documents' authenticity and relevance are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688–89. The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their

4

Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

claims are based." *Swartz*, 476 F.3d at 763 (alterations and internal quotation marks omitted).

The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports, *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); court documents already in the public record and documents filed in other courts, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); and publicly accessible websites, *see Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

## III. DISCUSSION

### A. Requests for Judicial Notice

Along with their motion to dismiss, Defendants request judicial notice of the following 17 documents:

- Exhibit 1: Deed of Trust, recorded in the Official Records of Santa Cruz County, California, on August 9, 2006, as instrument number 2006-0046515.
- Exhibit 2: Corporate Assignment of Deed of Trust, recorded in the Official Records of Santa Cruz County, California, on July 9, 2012, as instrument number 2012-0032213.
- Exhibit 3: Substitution of Trustee, recorded in the Official Records of Santa Cruz County, California, on August 5, 2015, as instrument number 2015-0032065.
- Exhibit 4: Notice of Default and Election to Sell Under Deed of Trust, recorded in the Official Records of Santa Cruz County, California, on July 10, 2012, as instrument number 2012-0032359.
- Exhibit 5: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on October 22, 2012, as instrument number 2012-0051574.

- Exhibit 6: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on March 1, 2013, as instrument number 2013-0010860.
- Exhibit 7: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on September 9, 2013, as instrument number 2013-0044698.
- Exhibit 8: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on January 8, 2014, as instrument number 2014-000000839.
- Exhibit 9: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on August 8, 2015, as instrument number 2015-0032936.
- Exhibit 10: Notice of Trustee's Sale, recorded in the Official Records of Santa Cruz County, California, on July 27, 2016, as instrument number 2016-0027185.
- Exhibit 11: Complaint in *Jorge Solis v. J.P. Morgan Chase Bank, N.A., et al.*, Santa Cruz County Superior Court Case Number CV179492.
- Exhibit 12: Order of Dismissal in *Jorge Solis v. J.P. Morgan Chase Bank, N.A., et al.*, Santa Cruz County Superior Court Case Number CV179492.
- Exhibit 13: Judgment of Dismissal in *Jorge Solis v. J.P. Morgan Chase Bank, N.A., et al.*, Santa Cruz County Superior Court Case Number CV179492.
- Exhibit 14: Verified Complaint in *Jorge Solis v. Arturo A. Avalos, et al.*, Santa Cruz County Superior Court Case Number CV182442.
- Exhibit 15: Order Granting Motion for Judgment on the Pleadings in *Jorge Solis v. Arturo A. Avalos, et al.*, Santa Cruz County Superior Court Case Number CV182442.
- Exhibit 16: Judgment Following Granting Motion for Judgment on the Pleadings in *Jorge Solis v. Arturo A. Avalos, et al.*, Santa Cruz County Superior Court Case Number CV182442.

- Exhibit 17: Excerpt from Pooling and Servicing Agreement, available at https://www.sec.gov/Archives/edgar/data/1374625/000127727706000724/exh41t o8kpsawamu2006_ ar13.htm.

Each of these documents is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, many of the documents are public documents filed in other courts. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that judicial notice of court documents is proper). However, to the extent that any of the above documents contain facts that are subject to reasonable dispute, such as the allegations in Plaintiff's Verified Complaint (Exhibit 14), the Court does not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Accordingly, the Court GRANTS Defendant's request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that a court may take judicial notice of matters of public record in ruling on a motion to dismiss); *Julio v. Wells Fargo Bank*, , 2011 WL 11048327, at *1 (N.D. Cal. July 21, 2011) (taking judicial notice of similar foreclosure documents); *Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, 2012 WL 4717870, at *1 (N.D. Cal. Oct. 2, 2012) (same).

**B. Motion to Dismiss**

Defendants argue that dismissal is proper under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for several reasons. First, Defendants claim that all of Plaintiff's claims are barred by the doctrine of res judicata. Second, Defendants argue that Plaintiff's complaint fails to state a claim for lack of standing to foreclose and for wrongful foreclosure. Third, Defendants argue that Plaintiff has not pled Plaintiff's fraud-based claims with particularity. Fourth, Defendants argue that Plaintiff's complaint fails to state a claim for intentional infliction of emotional distress. Fifth, Defendants argue that Plaintiff's complaint fails to state a claim for slander of title. Sixth,

7

Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Defendants argue that Plaintiff's complaint fails to state a claim for quiet title. Seventh, Defendants argue that Plaintiff is not entitled to declaratory relief. Eighth, Defendants argue that Plaintiff's complaint fails to state a claim for violation of the Truth in Lending Act. Ninth, Defendants argue that Plaintiff's complaint fails to state a claim for violation of the Real Estate Settlement Procedures Act. Tenth, Defendants argue that Plaintiff's complaint fails to state a claim for rescission. Plaintiff has not opposed Defendants' motion to dismiss on any grounds. The Court finds that all of Plaintiff's claims are barred under the doctrine of res judicata, and therefore the Court need not reach Defendants' other arguments for dismissal.

Res judicata is a doctrine that "precludes the parties or their privies from relitigating issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995).

The Full Faith and Credit Clause of the U.S. Constitution and 28 U.S.C. § 1738 require federal courts to give full faith and credit to state court judgments. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007); *see* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. To determine the preclusive effect of a state court judgment, federal courts apply state law. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))). Under California law, claim preclusion applies when (1) the party to be precluded was a party or in privity with a party to the previous adjudication; (2) the second lawsuit involves the same "cause of action" as the first; and (3) there was a final judgment on the merits in the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). The Court considers these three factors in turn.

1. **Identity of Parties**

Under California claim preclusion rules, the only identity of parties required is the identity

of the party against whom preclusion is sought. *See San Diego Police Officers' Ass'n.*, 568 F.3d at 734. Here, Defendants seek to preclude Plaintiff from asserting his claims in federal courts. Plaintiff was unquestionably a party to both of the previous state court actions. Exhibits 11 & 14. Therefore, the first requirement of claim preclusion is met.

### 2. Same Cause of Action

California law defines a "cause of action" for purposes of res judicata by employing a "'primary rights' theory." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Under the primary rights theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)). The key to the analysis is "the harm suffered." *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (quoting *Agarwal v. Johnson*, 25 Cal. 3d 932 (1970)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)); *see also Kay*, 504 F.3d at 809 ("California's primary rights theory does not mean that different causes of action are involved just because relief may be obtained under either of two legal theories." (internal quotation marks, citations, and alterations omitted)). In other words, so long as the same primary right is at issue, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Kay*, 504 F.3d at 809 (internal quotation marks and citations omitted).

Plaintiff's 2014 Action in state court alleged violation of Cal. Civil Code § 2923.6(c), violation of Cal. Civil Code § 2923.7, violation of Cal. Civil Code § 2924.10, violation of Cal. Civil Code § 2924(a)(6), violation of Cal. Business & Professions Code § 17200, negligent

9

misrepresentation, breach of the implied covenant of good faith and fair dealing, and a demand for accounting. All of Plaintiff's claims stemmed from Defendants' foreclosure on the Webb Road property. *See* Exhibit 11.

Plaintiff's 2016 action sought to quiet title and to enjoin Defendants from foreclosing on the Webb Road property until Plaintiff was confirmed as the sole titleholder. Exhibit 14. Although Defendants rely on both the 2014 Action and the 2016 Action to justify the application of res judicata, the Court finds that the 2014 Action alone is sufficient to warrant application of res judicata, and therefore the Court need not consider the res judicata effect of the 2016 Action.

Plaintiff now seeks recovery under different causes of action than those alleged in the 2014 Action. Specifically, the instant case Plaintiff seeks relief based on lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, and rescission. ECF No. 1-1. Although the causes of action are different, "the harm suffered" in both the 2014 Action and the instant case—the allegedly wrongful foreclosure—is identical. *San Diego Police Officers' Ass'n*, 568 F.3d at 734. Specifically, "in both actions plaintiff alleges, due to various procedural defects, that defendants lacked the legal right to foreclose upon [his] property. Moreover, in both actions plaintiff's claims involved the same property and the same allegedly defective foreclosure process." *Lee v. JP Morgan Chase Bank, N.A.*, 2015 WL 5554006, at *4 (C.D. Cal. Sept. 21, 2015).

Therefore, all of Plaintiff's claims in the 2014 Action and the instant case seek to vindicate the same primary right, "the right to be free from unlawful foreclosure." *Mendaros v. JPMorgan Chase Bank, N.A.*, 2014 WL 3373447, at *4 (N.D. Cal. Jul. 9, 2014); *see also, e.g.*, *Thomas v. Bank of America, N.A.*, 2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property."); *Thomas v. Bank of America, N.A.*, 2013 WL 3992999, *6 (S.D. Cal. 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which

10

Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property. The alleged wrong by Defendants is that Defendants wrongfully foreclosed on his property.").

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). In other words, Plaintiff cannot escape claim preclusion simply by now "plead[ing] different theories of recovery" or "seek[ing] different forms of relief." *San Diego Police Officers' Ass'n*, 568 F.3d at 734. Thus, although the remedies sought in the instant case are different from those sought in the 2014 Action, this does not affect the Court's conclusion that the instant case and the 2014 Action involved the same primary right.

Finally, Plaintiff does not contest that the instant case involves the same primary right and therefore the same "cause of action" that was at issue in the 2014 Action. *Maldonado*, 370 F.3d at 952. Therefore, the Court concludes that this second, federal lawsuit involves the same "cause of action" as the 2014 Action, and thus the second requirement for claim preclusion is satisfied.

### 3. Final Judgment on the Merits

In the 2014 Action, the Superior Court granted Defendants' motion for judgment on the pleadings with leave to amend. Exhibit 12. After Plaintiff failed to amend the complaint, the Court ordered that the action be dismissed with prejudice as to the Defendants and entered judgment in favor of Defendants on April 2, 2015. *Id.* Under California law, the state court judgment in favor of City Defendants was a judgment on the merits for res judicata purposes. *See Chunhye Kim Lee v. Arizona Bd. of Regents*, 633 F. App'x 453 (9th Cir. 2016) (affirming finding of claim preclusion based on earlier state court grant of motion for judgment on the pleadings). This judgment became final after the 60-day time limit for appeal elapsed. *See Kay*, 504 F.3d at 808 ("[T]he finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired."). Additionally, Plaintiff does not contest that the Superior Court rendered a final judgment on the merits. Therefore, the

11

1 third requirement for res judicata is met as well.

For the reasons discussed above, all three requirement for res judicata are met. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's complaint in its entirety on the grounds of res judicata.

### C. Leave to Amend

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," it is well-established that leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would be futile if "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Because Plaintiff's claims are barred by res judicata, the Court finds that amendment would be futile. Plaintiff has already filed three lawsuits regarding the same primary right. Allowing yet another complaint challenging the same home foreclosure would unduly prejudice the Defendants. Accordingly, the Court dismisses Plaintiff's claims with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: May 3, 2017

_____
LUCY H. KOH
United States District Judge

12
Case No. 17-CV-00449-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE